1

2

3

4

5

6

7

8            IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JOHN CARD,

11          Plaintiff,              No. CIV S-06-1027 GEB GGH P

12      vs.

13   TOM L. CAREY, et al.,

14          Defendants.            <u>ORDER</u>

15   _____/

16          Plaintiff is a state prisoner proceeding pro se.  He seeks relief pursuant to 42

17   U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma

18   pauperis.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C.

19   § 636(b)(1).

20          Plaintiff has submitted a declaration that makes the showing required by 28

21   U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28

23   U.S.C. §§ 1914(a), 1915(b)(1).  Plaintiff has already paid a partial filing fee of $250.

24          Plaintiff is obligated to make monthly payments of twenty percent of the

25   preceding month's income credited to plaintiff's prison trust account.  These payments shall be

26   collected and forwarded by the appropriate agency to the Clerk of the Court each time the

1

1  amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.

2  § 1915(b)(2).

3         The court is required to screen complaints brought by prisoners seeking relief

4  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

5  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

6  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

7  granted, or that seek monetary relief from a defendant who is immune from such relief.  28

8  U.S.C. § 1915A(b)(1),(2).

9         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

10  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

11  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

12  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

13  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

14  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

15  Cir. 1989); Franklin, 745 F.2d at 1227.

16         A complaint, or portion thereof, should only be dismissed for failure to state a

17  claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set

18  of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King &

19  Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also

20  Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing

21  a complaint under this standard, the court must accept as true the allegations of the complaint in

22  question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the

23  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.

24  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

25         Named as defendants are Warden Carey, N. Grannis, Dr. Traquina, Dr. Kofed, Dr.

26  Rellos, Dr. Thor, Dr. Low, Dr. Obedoza, Dr. Nunez and Dr. Tan.

2

1    Plaintiff alleges that defendants Traquina, Kofed, Rellos, Thor, Low, Obedoza,

2    Nunez and Tan provided inadequate medical care.  However, plaintiff does not describe his

3    medical condition which defendants failed to treat.  Plaintiff also does not specifically describe

4    the action or inaction of each defendant which he believes violated his constitutional rights.

5    Rather, plaintiff only generally alleges that these defendants provided inadequate medical care.

6    The court cannot determine whether plaintiff has stated a colorable claim for relief against these

7    defendants based on these vague allegations.  Accordingly, the claims against these defendants

8    are dismissed with leave to amend.

9    Plaintiff alleges that defendants Carey and Grannis were aware of the alleged

10   deprivations based on their review of his administrative appeals.  The court is reluctant to find

11   liability based on review of an administrative appeal.  In any event, because plaintiff does not

12   describe his medical condition or the allegedly inadequate medical care in any detail, the court

13   finds that he has failed to state a colorable claim against defendants Carey and Grannis.

14   Plaintiff also alleges that defendant Carey promoted a policy that resulted in

15   plaintiff's receipt of inadequate medical care.  Other than this vague allegation, this claim is not

16   supported by any specific facts.  Accordingly, this claim is dismissed with leave to amend.

17   If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

18   conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

19   Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

20   how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

21   there is some affirmative link or connection between a defendant's actions and the claimed

22   deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.

23   1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory

24   allegations of official participation in civil rights violations are not sufficient.  See Ivey v. Board

25   of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

26   /////

3

1    In addition, plaintiff is informed that the court cannot refer to a prior pleading in

2  order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an

3  amended complaint be complete in itself without reference to any prior pleading.  This is

4  because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

5  Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

6  pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

7  original complaint, each claim and the involvement of each defendant must be sufficiently

8  alleged.

9    Plaintiff has requested the appointment of counsel.  The United States Supreme

10  Court has ruled that district courts lack authority to require counsel to represent indigent

11  prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In

12  certain exceptional circumstances, the court may request the voluntary assistance of counsel

13  pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991);

14  Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case, the court

15  does not find the required exceptional circumstances.  Plaintiff's request for the appointment of

16  counsel will therefore be denied.

17    In accordance with the above, IT IS HEREBY ORDERED that:

18    1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

19    2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

20  Because plaintiff has already paid $250, the remaining $100 owed shall be collected and paid in

21  accordance with this court's order to the Director of the California Department of Corrections

22  and Rehabilitation filed concurrently herewith.

23    3.  The complaint is dismissed for the reasons discussed above, with leave to file

24  an amended complaint within thirty days from the date of service of this order.  Failure to file an

25  amended complaint will result in a recommendation that the action be dismissed.

26  /////

4.  Plaintiff's August 22, 2006, motion for appointment of counsel is denied.

DATED: 10/5/06

/s/ Gregory G. Hollows

_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

ggh:kj
car1027.b