IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN CARD,

        Plaintiff,                    No. CIV S-06-1027 GEB GGH P

    vs.

TOM L. CAREY, et al.,

        Defendants.              <u>FINAL PRETRIAL ORDER</u>

_____/

        On January 20, 2009, the court issued a preliminary pretrial order. This order granted the parties until March 30, 2009, in which to seek discovery related to plaintiff's claims for injunctive relief. The parties were granted until April 10, 2009, to file any supplement to their pretrial statements. The court also granted defendants' counsel sixty days from January 20, 2009, to set this action for a settlement conference before the undersigned.

        On April 10, 2009, defendants filed a supplemental pretrial statement. Defendants identify six new witnesses. Accordingly, the court below supplements the witness list contained in the preliminary pretrial order.

        Defendants also state that they noticed plaintiff's deposition for May 1, 2009, which is well after the March 30, 2009, discovery cut-off date contained in the preliminary pretrial order. Defendants may have interpreted the preliminary pretrial to allow them to notice

1

plaintiff's deposition by March 30, 2009.  Such an interpretation would be disingenuous in light of the other deadlines contained in the preliminary pretrial order.

Because defendants did not notice this action for a settlement conference within the time set by the preliminary pretrial order, no settlement conference will be set in this final pretrial order.

Plaintiff did not file a supplemental pretrial statement.

Following summary judgment, claims against defendant Traquina for injunctive relief and against defendant Kofoed for damages remain.

Pursuant to court order the parties have submitted pretrial statements.  Upon review of the statements and the remainder of the file, and good cause appearing therefor, this court makes the following findings and orders:

JURISDICTION/VENUE

Jurisdiction is predicated upon 28 U.S.C. § 1331 arising under 42 U.S.C. § 1983. Venue is proper.  There is no dispute over either jurisdiction or venue.

JURY/NON-JURY

Both parties have timely requested trial by jury.

UNDISPUTED FACTS

1. At all relevant times, plaintiff was incarcerated at California State Prison-Solano (CSP-Solano).

2. At all relevant times, defendant Kofoed worked as a physician under contract in the Orthopedic Department at CSP-Solano.

3. At all relevant times, defendant Traquina was the Chief Medical Officer at CSP-Solano.

DISPUTED FACTUAL ISSUES

1. Whether defendant Kofoed acted with deliberate indifference in his treatment of plaintiff's knee problems.

2. The nature and extent of plaintiff's injuries.

3. Whether injunctive relief is warranted.

DISPUTED EVIDENTIARY ISSUES

In their pretrial statement, defendants state that they will object to 1) plaintiff's exhibits 7-14; 2) any exhibit offered by plaintiff which includes letters to and from defendants' counsel; 3) evidence making reference to the Plata lawsuit.

SPECIAL FACTUAL INFORMATION

None applicable.

RELIEF SOUGHT

1. In the amended complaint, plaintiff seeks compensatory damages and punitive damages of an unspecified amount.

2. Plaintiff seeks injunctive relief.

POINTS OF LAW

The parties shall brief the elements, standards and burden of proof of the claims herein presented by plaintiff under the applicable constitutional amendment, statutes and regulations. Trial briefs shall be filed with this court no later than ten days prior to the date of trial in accordance with Local Rule 16-285.

ABANDONED ISSUES

No issues have been abandoned.

WITNESSES

Plaintiff anticipates calling, either in person or by deposition: 1) himself; 2) defendant Kofoed; 3) defendant Traquina. Plaintiff also listed eight proposed inmate witnesses in his pretrial statement. In the preliminary pretrial order, the court observed that plaintiff had not filed a motion in support of this request addressing whether these witnesses would testify voluntarily and describing their proposed testimony. Accordingly, the court ordered plaintiff to file within twenty days a motion in support of his request for incarcerated witnesses.

On February 12, 2009, plaintiff filed a request in support of his request for inmate witnesses, titled "Petition for Writ of Habeas Corpus Ad Testificandum." Attached to this request are declarations by plaintiff's eight proposed inmate witnesses. The witnesses state that they have observed plaintiff in great pain, that he walks with an obvious limp and is forced to walk to the dining hall and stand in lines for long periods of time. One proposed inmate states that plaintiff told him that he was being denied surgery because he is a lifer.

Because much of the proposed inmate witness testimony is duplicative, the court will allow plaintiff to call two inmate witnesses. Good cause appearing, plaintiff may call inmates Olson and Rowlett.

Defendants anticipate calling 1) defendant Kofoed; 2) defendant Traquina; 3) Dr. Low; 4) Dr. Obedoza; 5) Dr. Rallos; 6) Dr. Tan; 7) Dr. Thor; 8) Dr. Shifflet; 9) plaintiff; 10) Staci Aden; 11) Dr. Andreasen; 12) Dr. Noriega; 13) Dr. Mahmoud; 14) Frank Clay; 15) Ms. Roulette; 16) Dr. Naku; 17) RN Morin; 18) K. Collingsworth, M.D.; 19) Amrick Basi, M.D.; 20) T. Tran, M.D.; 21) Yuen Chen, M.D.; 22) Khin Win, M.D.; 23) M. Hsieh, M.D.

Each party may call any witnesses designated by the other.

    A.    No other witness will be permitted to testify unless:

        (1) The party offering the witness demonstrates that the witness is for the purpose of rebutting evidence which could not be reasonably anticipated at the pretrial conference, or

        (2) The witness was discovered after the pretrial conference and the proffering party makes the showing required in "B," below.

    B.    Upon the post pretrial discovery of witnesses, the party shall promptly inform the court and opposing parties of the existence of the unlisted witnesses so that the court may consider at trial whether the witnesses shall be permitted to testify. The witnesses will not be permitted unless:

\\\\\

     (1) The witnesses could not reasonably have been discovered prior to pretrial;

     (2) The court and the opposing party were promptly notified upon discovery of the witnesses;

     (3) If time permitted, the party proffered the witnesses for deposition;

     (4) If time did not permit, a reasonable summary of the witnesses' testimony was provided to the opposing party.

<u>EXHIBITS, SCHEDULES AND SUMMARIES</u>

    Plaintiff anticipates offering: 1) documents produced by defendants; 2) affidavit of custodian of medical records to verify authenticity of his medical records; 3) plaintiff's complete medical records; 4) the amended complaint; 5) the medical waiting times signed by defendant Traquina; 6) declaration by Ronald Brook; 7) declaration by Mike Rowlett; 8) declaration by Harry Olson; 9) declaration by Richard Ranta; 10) declaration by Mark Frederick; 11) declaration by Patric Hafner; 12) declaration by Scott DuVall; 13) declaration by R. Socorro; 14) letters to and from defendants' attorney; 15) inmate appeal form CDCR-602 dated 6-25-05, with First, Second, and Third Level responses attached; 16) Duty Statement of Chief Medical Officer; 17) Duty Statement of Physicians and Surgeons; 18) Cal. Code of Regs. Division 3, Title 15.

    Defendants anticipate offering 1) all medical records of plaintiff; 2) any 602 appeal and responses thereto concerning any complaint regarding plaintiff's knees, or any 602 appeals during all relevant times that do not mention plaintiff's knees; 3) CDCR Policies and Procedures regarding treatment of inmates, surgery and custodial issues.

    Ten days before the trial confirmation hearing, the parties shall serve their exhibits on each other.

    Each party will file any objections to exhibits ten days before trial. Each exhibit not previously objected to will be forthwith received into evidence. Plaintiff will use numbers to

mark exhibits; defendant will use letters.

    A. No other exhibits will be permitted to be introduced unless:

        1. The party proffering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence which could not have been reasonably anticipated, or

        2. The exhibit was discovered after the issuance of this order and the proffering party makes the showing required in Paragraph "B," below.

    B. Upon the post pretrial discovery of exhibits, the parties shall promptly inform the court and opposing party of the existence of such exhibits so that the court may consider at trial their admissibility. The exhibits will not be received unless the proffering party demonstrates:

        1. The exhibits could not reasonably have been discovered earlier;

        2. The court and the opposing party were promptly informed of their existence;

        3. The proffering party forwarded a copy of the exhibit(s) (if physically possible) to the opposing party. If the exhibit(s) may not be copied the proffering party must show that he has made the exhibit(s) reasonably available for inspection by the opposing party.

The parties are directed to bring an original and one copy of each exhibit to trial. The original exhibit becomes the property of the court for purposes of trial. The copy is for bench use during trial.

<u>DISCOVERY DOCUMENTS</u>

    Plaintiff anticipates offering defendants' responses to interrogatories.

<u>FURTHER DISCOVERY OR MOTIONS</u>

    No further dispositive motions will be considered with the exception of a Fed. R. Civ. P. 50 motion at trial.

STIPULATIONS

Defendants state that they offer to stipulate that plaintiff's medical records and administrative appeals may be admitted into evidence.

AMENDMENTS/DISMISSALS

None.

SETTLEMENT NEGOTIATIONS

The parties did not seek a settlement conference during the time ordered in the preliminary pretrial order.

AGREED STATEMENTS

None.

SEPARATE TRIAL OF ISSUES

Not applicable.

IMPARTIAL EXPERTS/LIMITATION OF EXPERTS

Not applicable.

ATTORNEYS' FEES

Defendants do not seek attorneys' fees.

TRIAL CONFIRMATION HEARING

A trial confirmation hearing is set for September 4, 2009, at 1:30 p.m. before the Honorable Garland E. Burrell. Plaintiff will appear via videoconference.

ESTIMATED TIME OF TRIAL/TRIAL DATE

Jury trial is set for September 29, 2009, at 9:00 a.m. before the Honorable Garland E. Burrell.

PROPOSED JURY VOIR DIRE AND PROPOSED JURY INSTRUCTIONS

The parties are directed to Local Rule 47-162(a) and Local Rule 51-163(a) for procedures and time limits regarding proposed voir dire and proposed jury instructions, respectively. The provisions of said local rules notwithstanding, the parties shall file proposed

voir dire and proposed jury instructions, if any, not later than fourteen days before the date set for trial.

MISCELLANEOUS

Counsel are directed to Local Rule 16-285 regarding the contents and the deadline for filing trial briefs.

DATED: May 13, 2009

/s/ Gregory G. Hollows

_____
UNITED STATES MAGISTRATE JUDGE

card1027.finpto